**NATIONAL UNION FIRE INSURANCE and Lorillard Tobacco Company**

v.

**HIBERNIA NATIONAL BANK, et al.**

**No. CIV.A.01–0788.**

United States District Court, W.D. Louisiana, Shreveport Division.

April 14, 2003.

F. Drake Lee, Jr., Julia E. Blewer, Robert D. Evans, Jr., Cook Yancey et al., Shreveport, LA, Robert W. Ludwig, Jr., Ludwig & Robinson, Glenn J. Melcher, Washington, DC, Roy C. Cheatwood, Paul L. Peyronnin, Kent A. Lambert, Caroline M. Dolan, Allen C. Miller, Phelps Dunbar et al., New Orleans, LA, Walker Tooke et al., Shreveport, LA, for Defendants.

### AMENDED MEMORANDUM RULING

WALTER, District Judge.

Before this Court is a motion for partial summary judgment [Doc. 87] filed by Plaintiffs, National Union Fire Insurance Company ("National Union") and Lorillard Tobacco Company ("Lorillard"), and a motion for summary judgment [Doc. 101] filed by Defendant Hibernia National Bank ("Hibernia"). Each side opposes the other side's motion. Both sides move for

summary judgment on the fourth claim for relief of the amended complaint—Hibernia's alleged negligence, recklessness, and bad faith. Additionally, Hibernia moves for summary judgment on Plaintiffs' fifth claim for relief, for money "had and received". For the reasons assigned herein, Plaintiffs' motion for summary judgment [Doc. 87] is **DENIED**; and Defendant's motion for summary judgment [Doc. 101] is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

Dexter Anderson ("Anderson") was a sales representative for Lorillard. Part of Anderson's duties included reimbursing Lorillard retailers for discounts the retailers provided to customers who purchased cigarettes. From 1996 until 2000, Anderson managed to steal more than $1,700,000 from Lorillard. His methods varied, but a common method of theft was to issue a bogus reimbursement draft payable to a retailer and then deposit the draft into one of his personal bank accounts he maintained at various banks, including at least Premier Bank, Bank One, and Hibernia.

After Lorillard discovered the scheme, it obtained a judgment against Anderson for the full amount of the loss (see CV 00–1211), but Anderson has not made any payment on the judgment. Lorillard also made a claim on its crime insurance policy. National Union, the insurer, settled with Lorillard for $1.6 million. Lorillard and National Union then joined to file this action against some of the financial institutions that negotiated and paid the fraudulent drafts—First State Bank of Lake Lillian, Minnesota ("FSB"), First State Marketing Corporation ("FSMC"), and Hibernia.[1] All of the drafts were payable

---

1. Plaintiffs did not name Premier Bank and Bank One as Defendants, where Anderson made the majority of the deposits.

through FSMC as an affiliate of FSB, with whom Lorillard had a working agreement.

In Magistrate Judge Payne's ruling of November 8, 2001 [Doc. 48], FSB and FSMC were both dismissed for lack of personal jurisdiction. Additionally, the Court dismissed count six of the amended complaint, the aiding and abetting claim asserted against Hibernia.

### SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ.P.56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.*

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir.1999). The moving party is not required to negate the elements of the non-moving party's case. *Lawrence*, 163 F.3d at 311. However, where the moving party bears the burden of proof on an issue, it must produce evidence that would, if uncontroverted at trial, warrant a judgment as a matter of law. *Int'l Short-*

*stop. Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir.1991). Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. *Id.*

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2W requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for the purposes of the motion, unless specifically denied." Local Rule 56.2W.

### LAW AND ANALYSIS

#### I.

Plaintiffs move for summary judgment on the fourth claim for relief of the amended complaint—Negligence, Recklessness, and Bad Faith under LA–R.S. 10:3–404, 10:3–405, and 10:3–406. Plaintiffs base

this claim on the following alleged facts: (1) that each of the over 500 drafts at issue were payable to business and presented for deposit into a personal account; (2) the majority of the deposits consisted of multiple drafts payable to different businesses presented on a single deposit slip; (3) each of the over 500 drafts were drawn by Dexter Anderson's employer, Lorillard; (4) the monthly deposits on Anderson's account far exceeded his bi-weekly electronic payroll deposits; and (5) the funds were withdrawn almost immediately after deposit.

■ However, genuine issues of material fact exist as to any liability of Hibernia under LA–R.S. 10:3–404, 10:3–405, and 10:3–406, especially due to facts indicative of negligence by the Plaintiffs. For example, Lorillard failed to discover this fraud when and if Lorillard reviewed monthly bank statements, Lorillard gave its employer seemingly unfettered authority to issue drafts unchecked by supervisors, and Lorillard entrusted that authority in a thief. Therefore, Plaintiffs' motion for summary judgment on the negligence, recklessness, and bad faith of Hibernia is hereby **DENIED**.

### II.

■ In turn, Defendant Hibernia moves for summary judgment on Plaintiffs' claim for Hibernia's alleged negligence, recklessness, and bad faith under LA–R.S. 10:3–404, 10:3–405, and 10:3–406, claiming that under the plain language of these statues, no independent and free standing cause of action is available to Plaintiffs. Hibernia states that these statutes solely create an affirmative defense for a bank sued for accepting or paying on an item with a forged or missing indorsement in cases where the underlying fraud was perpetrated by an employee of the instrument's drawer. However, a reading of the statutes does not show this proposition to be as clear as Hibernia alleges it to be.

3–404(d) and 405(b) both refer to "the person bearing the loss." Nothing in these sections limits them to use as an affirmative defense by the payor bank. The comparative negligence loss allocation rules in sections 3–404(d), 405(b), and 406(b) allocate responsibility between (1) the "person bearing the loss" and responsible for employing the embezzler (here, Plaintiffs) and (2) the entity who took the checks for value (here, Hibernia). The plain language of these statutes provides a cause of action for comparative negligence—"the person bearing the loss may recover".

An examination of the wording of 3–405(b) indicates that the statute provides for a cause of action and not only an affirmative defense:

> For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person. If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

Accordingly an employer could pursue an action under 3–405(b), as that section assumes that the employer is the person bearing the loss, as the employer is es-

topped from complaining about fraud perpetrated by the employee entrusted with responsibilities.

Additionally, an affirmative cause of action under 3–404, 3–405, and 3–406 is supported by commentators:

> 3–406 and the accompanying sections carry with them something that did not exist under the old Code, namely, a new cause of action... This mechanism is an affirmative cause of action for negligence under 3–406(b) (and similar causes of action under 3–404, 3–405, and 4–406) under which the depositor-employer recovers a part of its loss by affirmative proof that the negligent behavior of the defendant bank caused a portion of it. Because 3–404(d) and 3–405(b) state that the party bearing the loss "may recover" from the other negligent party, they create the affirmative cause of action more clearly than 3–406(b), which states only that the loss "is allocated" among the negligent parties.

James J. White, Robert S. Summers, *Uniform Commercial Code*, §§ 19–3 at 247 (4th ed.1995).

This is not to say that Hibernia's negligence can reasonably be said to have contributed materially to the fraud, but dismissal for failure to state a claim is not the appropriate disposition. Therefore, Hibernia's motion for summary judgment that LA–R.S. 10:3–404, 10:3–405, and 10:3–406 do not create an affirmative cause of action is hereby **DENIED**.

### III.

■ Hibernia also moves for summary judgment on National Union's fifth claim for relief under the amended complaint, which is for "money had and received." Hibernia moves that Louisiana law contains no claim for "money had and received" and that the closest claim under

Louisiana law to the common law claim of "money had and received" is a claim for conversion under LA–R.S. 10:3–420.[2]

Under the commercial laws of Louisiana, a claim for conversion may be brought under LA–R.S. 10:3–420(b), which provides that "an action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument..." Hibernia moves that Lorillard is both the issuer and acceptor of the instruments, and therefore, Lorillard is barred from bringing a claim for conversion under LA–R.S. 10:3–420. The issue is unopposed, and consequently, Plaintiffs' putative claim for "money had and received" is hereby **DISMISSED**.

### IV.

Additionally, Hibernia claims that Plaintiffs can not prevail on a claim for breach of warranty under LA–R.S. 10:3–417 and LA–R.S. 10:4–208.

Plaintiffs respond that they have not brought a claim against Hibernia for breach of warranty but for negligence under LA–R.S. 10:3–404, et seq. (Pl's Opposition, p. 7). The question is therefore **MOOT**.

### V.

Hibernia claims that Plaintiffs cannot recover against Hibernia for alleged bad faith. However, Plaintiffs respond that they have not asserted an affirmative bad faith claim under LA–R.S.10:1–203. (Pl's Opposition, p. 11). Therefore, the question is **MOOT**.

### CONCLUSION

For the forgoing reasons, this Court finds that Plaintiffs' motion for partial summary judgment [Doc. 87] must be **DE-**

---

**2.** Although Hibernia consistently quoted language from LA–R.S. 10:3–420, Hibernia erro- neously cited the statute as 10:3–402. 10:3–420 is the correct statute.

NIED, and Defendant's motion for summary judgment [Doc. 101] must be **GRANTED IN PART** and **DENIED IN PART**.

### *AMENDED ORDER*

For the reasons set forth in the Amended Memorandum Ruling issued this date, it is ordered that the motion for summary judgment [Doc. 87] filed on behalf of Plaintiffs be and is hereby **DENIED** and that the motion for summary judgment [Doc 101] filed on behalf of Defendant by and is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' fifth claim for relief under the amended complaint is **DISMISSED**. All other arguments advanced by Defendant in its motion for summary judgment are **DENIED** or rendered **MOOT**.